UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

JEFFREY REYNOLDS DOUD and
JEFFREY PAUL FORCHE,

                      Petitioners,

            -v.-

SANDRA GOLD, NICOLE GOLD,
BRANDON SAMUEL GOLD, and
BRITTANY B. GOLD,

                      Respondents.

19 Civ. 6561 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

      Petitioners Jeffrey Reynolds Doud and Jeffrey Paul Forche filed this motion for summary judgment on their petition to confirm an arbitration award dated November 23, 2018 (the "Award"), pursuant to the Federal Arbitration Act.  The motion is unopposed, as Respondents Sandra Gold, Nicole Gold, Brandon Samuel Gold, and Brittany B. Gold have neither acknowledged Petitioners' petition nor made any effort to contest confirmation of the Award.  For the reasons set forth in the remainder of this Opinion, Petitioners' motion is granted.

## BACKGROUND[1]

### A.    Factual Background

      On or about August 8, 2016, Respondents commenced the underlying arbitration proceeding entitled, *Sandra Gold, Nicole Gold, Brandon Samuel Gold,*

---

[1]    The facts in this Opinion are drawn from Petitioners' Local Rule 56.1 Statement ("Pet. 56.1" (Dkt. #21-3)), along with the exhibits attached to the declaration of Jennifer G. Chawla, Petitioner's counsel of record ("Chawla Decl., Ex. [ ]" (Dkt. #21-2)). Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein.

*and Brittany B. Gold* v. *Wells Fargo Advisors, LLC, Jeffrey Reynolds Doud, John Steven Conlisk, and Jeffrey Paul Forche*, Financial Industry Regulatory Authority ("FINRA") Dispute Resolution Case No. 16-02302 (the "Arbitration") by filing a Statement of Claim with FINRA Dispute Resolution. (Pet. 56.1 ¶ 6). Respondents' Statement of Claim asserted a number of claims against Petitioners Doud and Forche, as well as Wells Fargo Advisors, LLC, as successor to Wachovia Securities and A.G. Edwards & Sons, Inc. ("Wells Fargo"), and John Steven Conlisk. (*Id.* at ¶ 7). Respondents' claims related to the purchase and sale of various securities, and Respondents sought to recover damages of approximately $2,100,000.00. (*Id.* at ¶ 8).

On or about December 29, 2016, Petitioners and Wells Fargo filed a Statement of Answer in the Arbitration, which denied liability for the claims asserted by Respondents, denied that Respondents were entitled to any monetary relief, asserted a number of affirmative defenses to Respondents' claims, and asserted that Petitioners would seek expungement of the Arbitration from their respective Central Registration Depository ("CRD")[2] records. (Pet. 56.1 ¶ 9). On or about June 15, 2017, Respondents, Petitioners, and Wells Fargo executed a settlement agreement and release (the "Settlement Agreement"), in connection with the Arbitration. (*Id.* at ¶ 10). Petitioners were parties to the Settlement Agreement, but were not required to (and, indeed, did not) contribute to the settlement amount. (*Id.* at ¶ 11).

---

[2]     CRD is a database maintained by FINRA for all firms and individuals involved in the U.S. securities industry. Central Registration Depository, FINRA, https://www.finra.org/registration-exams-ce/classic-crd (last visited Sept. 24, 2019).

On or about June 15, 2017, Respondents withdrew their claims and notified FINRA Dispute Resolution that the matter was settled. (Pet. 56.1 ¶ 12). On or about June 19, 2017, Petitioners requested that the Arbitration be kept open for the sole purpose of allowing Petitioners to pursue their request that all references to the Arbitration be expunged from their respective CRD records. (*Id.* at ¶ 13). Respondents did not oppose such request. (*Id.* at ¶ 14). On October 22, 2018, a recorded in-person expungement hearing was held with FINRA Dispute Resolution, where Petitioners presented oral argument and evidence on their request for expungement. (*Id.* at ¶ 15). Respondents did not contest Petitioners' request for expungement or participate in the expungement hearing. (*Id.* at ¶ 16).

On or about November 15, 2018, the Arbitration Panel entered the Award, which recommended the expungement of all references to the Arbitration from the CRD records of Petitioners Doud and Forche. (Pet. 56.1 ¶ 18). The Arbitration Panel made the following finding of fact: "The claim, allegation, or information is false …. Based on the testimony of Jeffrey Forche and Jeffrey Doud, and supporting documentation provided by Respondents, the Panel determined that none of the investments were unsuitable, no churning occurred, and that there was proper supervision." (*Id.* at ¶ 19; Chawla Decl., Ex. A).

The Award was transmitted to the parties on or about November 23, 2018. (Pet. 56.1 ¶ 21). On or about February 14, 2019, Petitioners' counsel in this action made a written request to FINRA that it waive the requirement

3

under FINRA Rule 2080 that it be named as a party in the judicial proceeding to confirm the Award. (*Id.* at ¶ 22; Chawla Decl., Ex. D). On or about March 29, 2019, FINRA notified counsel for Petitioners that, in light of the affirmative finding that "the claim, allegation, or information is false," FINRA waived its requirement under FINRA Rule 2080 that FINRA be named as a party in the judicial proceeding to confirm the Award. (Pet. 56.1 ¶ 23; Chawla Decl., Ex. E).

**B.     Procedural Background**

Petitioners filed the instant petition to confirm the Award on July 15, 2019. (Dkt. #1). On August 16, 2019, Petitioners filed affidavits with the Court indicating that each Respondent had been personally served. (Dkt. #15, 16, 17, 18). On August 26, 2019, the Court ordered Petitioners to move for confirmation of their arbitral award in the form of a motion for summary judgment due September 9, 2019. (Dkt. #19). The Court ordered Respondents to file any opposition brief by September 16, 2019, and Petitioners to file their reply by September 23, 2019. (*Id.*). Petitioners filed their summary judgment motion on September 9, 2019. (Dkt. #21). Respondents have neither filed opposition papers, nor appeared in the case. As such, the motion is ripe for the Court's consideration.

4

**DISCUSSION**

**A.     Applicable Law**

   **1.     Unopposed Petitions to Confirm Arbitration Awards**

The Federal Arbitration Act provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall Street Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 582 (2008); *accord Mason Tenders Dist. Council of Greater N.Y. & Long Island* v. *Adalex Grp., Inc.*, No. 13 Civ. 764 (PAE), 2013 WL 5322371, at *2 (S.D.N.Y. Sept. 23, 2013). In furtherance of this streamlined procedure, judicial review of an arbitral award is sharply circumscribed. *See Willemijn Houdstermaatschappij, BV* v. *Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997); *Adalex Grp., Inc.*, 2013 WL 5322371, at *2.

Indeed, "[n]ormally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,'" and under the Federal Arbitration Act, "the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc.* v. *Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); 9 U.S.C. § 9)). The movant's burden "is not an onerous one" and requires only "a barely colorable justification for the arbitrator's conclusion." *Neshgold LP* v. *N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ.

5

9061 (RJS), 2009 WL 256009, at *1 (S.D.N.Y. Feb. 3, 2009)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Gottdiener*, 462 F.3d at 110 (quoting *Barbier* v. *Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

2. **Summary Judgment**

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "'as akin to a motion for summary judgment based on the movant's submissions,' and the court 'may not grant the motion without first examining the moving party's submission to determine' that it satisfactorily demonstrates the absence of material issues of fact." *Neshgold LP*, 2013 WL 5298332, at *7 (quoting *Gottdiener*, 462 F.3d at 109-10). Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

**B. Analysis**

Petitioners have adequately supported their petition. *First*, there are no material facts in dispute: Respondents have not contested any of the material facts upon which Petitioners' motion for summary judgment is based, and the record discloses no dispute concerning those facts.

*Second*, the Court finds that the grounds for the arbitral award are readily discernible from the contents of the award. The arbitral panel "conducted a recorded in-person hearing on October 22, 2018 so the parties could present oral argument and evidence on Respondents' request for expungement." (Chawla Decl., Ex. A). In reaching its conclusion, the panel "consider[ed] the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions" and relied on documentary evidence including "Claimants' Statement of Claim, Respondents Wells Fargo Advisors, LLC, Jeffrey Reynolds Doud and Jeffrey Paul Forche's Statement of Answer, Respondents Wells Fargo Advisors, LLC, Jeffrey Reynolds Doud and Jeffrey Paul Forche's Motion for Expungement, Jeffrey Reynolds Doud and Jeffrey Paul Forche's BrokerCheck® Reports and the evidence and testimony presented at the expungement hearing." (*Id.*). The arbitral panel's findings surpass the degree of reasoning courts require to confirm an arbitration award. *See Maersk Line Limited* v. *National Air Cargo Group, Inc.*, No. 16 Civ. 6272 (KPF), 2017 WL 4444941, at *3 (S.D.N.Y. Oct. 4, 2017) ("The award contains the arbitrator's factual findings, including the contractual relationship between the parties, Maersk's performance under the contract, an accounting of the

7

charges in arrears discussed *supra*, and National Air's receipt of invoices for those charges without objection. These findings surpass the degree of reasoning courts require to confirm an arbitration award." (internal citations omitted)); *Gottdiener*, 462 F.3d at 110 ("The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." (internal quotation marks omitted)).

*Third* and finally, there are no grounds for setting aside the Award. *See Gottdiener*, 462 F.3d at 110 ("[T]he court must grant the award unless the award is vacated, modified, or corrected." (internal quotation marks omitted)). It is undisputed that the parties agreed to proceed pursuant to FINRA arbitration, that both sides were given the opportunity to participate fully in the arbitration, and that a final award was issued. Respondents have made no challenges to the Award's legal sufficiency. The Award has not been vacated or modified upon ay ground specified in 9 U.S.C. § 10 or § 11, nor have Respondents made any effort to vacate, modify, or correct the Award, and the Court has found no basis to do so *sua sponte*.

The Court therefore affirms the arbitration award, and grants the relief requested therein.

## CONCLUSION

For the foregoing reasons, Petitioners' motion for summary judgment on their petition to confirm the arbitration award is GRANTED. FINRA is hereby ORDERED to execute the Arbitration Panel's expungement directive removing

8

all references to the Arbitration from the CRD records of both Petitioner Jeffrey Reynolds Doud (CRD #846074) and Petitioner Jeffrey Paul Forche (CRD #2223067). The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

    SO ORDERED.

Dated:    October 16, 2019
            New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge